448 So.2d 1160 (1984)
Ruby McNEASE, d/b/a Tallahassee Pest Control, Appellant,
v.
George BONE and Carlene Bone, Appellees.
No. AU-158.
District Court of Appeal of Florida, First District.
April 16, 1984.
*1161 Mallory E. Horne and William L. Grossenbacher of Horne, Rhodes, Jaffry & Horne, Tallahassee, for appellant.
Joseph R. Boyd of Boyd & Smith, P.A., Tallahassee, for appellees.
MILLS, Judge.
McNease, d/b/a Tallahassee Pest Control (Tallahassee Pest Control), seeks reversal of a final judgment awarding costs which the Bones incurred as a result of the negligence of Tallahassee Pest Control. We affirm.
The record shows that Robert L. Bell entered into a five-year contract with Tallahassee Pest Control for treatment of his home for termites. While the contract was still in effect, Bell and his wife agreed to sell their home to George and Carlene Bone. Among other things, the contract for sale required the Bells to furnish a termite inspection report to the Bones, which they did by having the house reinspected pursuant to the five-year contract with Tallahassee Pest Control. After making the inspection, Tallahassee Pest Control submitted a report indicating that it had inspected the premises and that there was "no active visable (sic) evidence of Subterranean Termites or other wood destroying oregin (sic)." In reliance upon that representation, the Bones moved into their new home.
Shortly thereafter, they heard from a neighbor that the house possibly had a mildew problem. Mrs. Bone had the house inspected by two contractors who found extensive damage to the subfloor caused by a fungal infestation. The Bones hired one of the contractors to perform the necessary repair work.
They subsequently filed suit against the Bells and Tallahassee Pest Control, alleging that Tallahassee Pest Control negligently performed the inspection, that the Bells fraudulently concealed the existence of material defects in the home, and that the Bells breached the contract for sale of the home by providing a defective termite inspection report. It was also argued at *1162 the final hearing that the Bones were intended third-party beneficiaries of the termite inspection contract between the Bells and Tallahassee Pest Control. The trial court, without stating its reasoning, entered final judgment in favor of the Bones and against Tallahassee Pest Control for the amount expended by the Bones in repairing their home. No liability was found on the part of the Bells. This appeal by Tallahassee Pest Control ensued.
We affirm the final judgment on the theory that Tallahassee Pest Control was negligent in making the inspection. Section 482.226(1), Florida Statutes (1981), requires that inspection reports submitted by persons licensed under Chapter 482, Florida Statutes (1981), be "in accordance with good industry practice and standards on a form prescribed by the department... ." (Emphasis added) In the administrative rule implementing the statute, Rule 10D-55.142(2)(c), Florida Administrative Code, the Department of Health and Rehabilitative Services required that licensees use HRS Form 1145 to report their findings. The Bones contend and Tallahassee Pest Control concedes that the use of HRS Form 1145 would have required the reporting of evidence of a fungal infestation such as was present in the Bones' home. We conclude that the Bones, as buyers of the home, were within the class of persons intended to be protected by the statute and rule, that the harm which occurred was the type of harm which the statute and rule were intended to prevent, and that the breach of the duty imposed by the statute and rule was the proximate cause of the Bones' damages. de Jesus v. Seaboard Coastline Railroad, 281 So.2d 198 (Fla. 1973).
Tallahassee Pest Control also contends that there was no evidence showing the presence of a fungal infestation in the home on the date of the inspection. We find there was ample evidence of this fact to support the final judgment.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.