Michael PIETRAMALE and Wife, Joan Pietramale, Plaintiffs-Appellants,

v.

Michael J. DUGAY and Wife, Prudence Dugay, Huntland Realty Company, Chicago Title Insurance Company, Simmons Pest Control Company and Dobson & Johnson, Inc., Defendants-Appellees.

Supreme Court of Tennessee, at Nashville.

Aug. 4, 1986.

Kenneth M. Switzer and Gary J. Mitchell, Nashville, for plaintiffs-appellants.

J.K. Woodard, Hendersonville, Lawrence D. Wilson and James V. Barr, III, Nashville, for defendants-appellees.

## OPINION

BROCK, Chief Justice.

The plaintiffs in this action are the Pietramales, a husband and wife who purchased a home not knowing that it had termite damage. They appeal from summary judgments granted in favor of Huntland Realty Co., the sellers' agent, and Simmons Pest Control Co., the firm that inspected the home for termites.

When the Pietramales purchased a home from the Dugays, the parties executed a sales contract which contained the following provision: "Property to be inspected by licensed and bonded termite company and any active infestation or damage to be corrected at Seller's expense. A current certifying letter shall be furnished to buyer at closing. Seller shall not be held responsible after closing." Since Simmons Pest Control had a current service contract on the house, the sellers suggested that Huntland contact Simmons for a termite inspection of the home. Huntland called Simmons and ordered a "certifying letter" by phone.

When the Simmons inspector inspected the house, he found no active termite infestation, but he did find existing termite damage. In providing Huntland with these inspection results, Simmons reported both the finding of no infestation and the finding of existing damage. Simmons failed, however, to report these findings in a single letter.

Instead of sending one certifying letter containing all the information, Simmons sent Huntland three pages stapled together. The top page was a letter stating: "Based upon careful visual inspection of accessible areas and on sounding of accessible structural members, there are no active termites in the timbers of the subject property as of this date." This top page made no reference to the existence of termite damage. The second of the three pages was a copy of the first letter. The third page was a different letter which stated: "There are no active termites in the timbers of the subject property as of this date but there is old termite damage to sills and joists."

Huntland sent the three pages, still stapled together, to the closing agent. At closing, the Pietramales received the origi-

nal of the first letter from the top of the stack, while the closing agent kept the bottom pages of the stack including the copy of the first letter and the second letter. None of the parties noticed that the third page was a different letter; instead they assumed that it was another copy of the letter stapled on top.

When the Pietramales discovered that their home had termite damage, they filed this suit, alleging in part that Huntland Realty Co. and Simmons Pest Control Co. are liable for damages resulting from the purchase of the house. In the present appeal, the Pietramales challenge summary judgments rendered by the trial court and affirmed by the Court of Appeals in favor of both Huntland Realty and Simmons Pest Control.

Summary judgment is authorized by Tenn.R.Civ.P. 56 which provides, in pertinent part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

When considering a summary judgment motion, a court must view the pleadings and evidence, if any, before it in the light most favorable to the opponent of the motion. Also, if the court entertains any doubt whether or not a genuine issue of material fact exists, it is the duty of the court to overrule the motion. *Poore v. Magnavox Co. of Tennessee*, 666 S.W.2d 48, 49 (Tenn.1984).

■ We find no genuine issue of any material facts with regard to the liability of Huntland Realty. Huntland was not aware of the termite damage or of the second letter, and its employee passed along everything furnished by Simmons. Huntland acted only in the capacity as agent for the sellers. The buyers were represented by their own agent during the transaction. The Court of Appeals held that Huntland, the seller's agent, owed no duty to the

buyers with regard to the closing, other than the duty to refrain from fraud or deceit. We agree. The buyers cite no authority contrary to that holding, but simply point out that Huntland's employee acknowledged an obligation to the sellers to secure and present to the buyers an appropriate termite letter.

■ In the case of Simmons Pest Control Co., the Court of Appeals correctly identified the appropriate standard for determining liability. RESTATEMENT (SECOND) OF TORTS § 552 (Tent.Draft No. 11, 1965) sets forth this standard:

"(1) One who, in the course of his business, profession or employment, or in a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) The liability stated in subsection (1) is limited to loss suffered

"(a) By the person or one of the persons for whose benefit and guidance he knows the information to be intended; and

"(b) Through reliance upon it in a transaction in which it is intended to influence his conduct."

The Court of Appeals noted that Simmons could be held liable to the plaintiffs for a negligent error or fraud in the certificate furnished in this case under RESTATEMENT (SECOND) OF TORTS § 552, (Tent.Draft No. 11, April 15, 1970), which was cited by this Court in *Tartera v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (1970). It held, however, that no negligent error or fraud was shown on the part of Simmons.

■ The Court of Appeals correctly held that Simmons, which was aware that the certificate was to be given to a buyer for his reliance, had a duty to plaintiffs to refrain from fraud or negligence in fur-

nishing the certificate. It is our opinion that there is a genuine issue of fact as to whether Simmons' method of furnishing the information was a breach of that duty. There is some evidence in the record, although controverted, that significant damage should be reported by a pest control company furnishing a "current certifying letter" to a buyer which is to be used in a real estate sales transaction financed by a "conventional loan." Moreover, the contract here between the sellers and buyers specifically requires that "any active infestation or damage to be corrected at sellers expense." While it is true that Simmons did furnish all the information required, its action in furnishing an incomplete letter, omitting reference to the damage, capable of being furnished to the buyers for their reliance, could be found to be a breach of its duty to the buyers.

As to defendant, Huntland Realty Company, the judgment of the Court of Appeals is affirmed, as to Simmons Pest Control Company, the judgment of the Court of Appeals is reversed and, as to it, the cause is remanded to the trial court for trial. Costs incurred in this Court are taxed equally against the plaintiffs and defendant Simmons Pest Control Company.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.