560 So.2d 729 (1990)
Reuel MAY, Jr., William P. Edgar and J. Julius Ratliff, Jr.
v.
RALPH L. DICKERSON CONSTRUCTION CORPORATION.
No. 07-CA-59323.
Supreme Court of Mississippi.
April 11, 1990.
Rebecca B. Cowan, Montgomery Smith-Vaniz & McGraw, Jackson, C.R. Montgomery, Montgomery Smith-Vaniz Firm, Canton, for appellants.
Andrew J. Kilpatrick, Jr., David L. Reynolds, Reynolds & Kilpatrick, William C. Stennett, Gilmer Law Firm, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and PITTMAN, JJ.
PRATHER, Justice, for the Court:
Appellants brought this action in the Circuit County of Hinds County, First Judicial District, for breach of implied warranty and negligent construction of an office building built by the appellee. The Appellee filed a motion for summary judgment, which was granted by the trial court. The appellants have now appealed the trial court's decision to this Court, citing as error the following:

*730 THE TRIAL COURT IMPROPERLY GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT LACK OF PRIVITY IS A VALID DEFENSE TO AN ACTION BY SUBSEQUENT OWNERS OF A BUILDING AGAINST THE GENERAL CONTRACTOR FOR NEGLIGENT CONSTRUCTION OF THE BUILDING AND BREACH OF THE IMPLIED WARRANTIES OF WORKMANSHIP AND HABITABILITY.

I.
In October of 1977, the appellee, Dickerson Construction Corporation ("Dickerson"), entered into a construction contract with Dr. C.G. Blue and Dr. W.P. Edgar[1] for the construction of the Riverview Building. Appellants May and Ratliff became subsequent owners of the building, along with Dr. Edgar. In May of 1987, the three (3) appellants filed suit against Dickerson for breach of the implied warranties and negligent construction of the Riverview building.
Dickerson originally filed a Rule 12(b)(6) motion under the Miss. Rules of Civil Procedure, seeking to have May and Ratliff dismissed as plaintiffs because they were not original parties to the construction contract. The trial court sustained this motion as to May and Ratliff. May and Ratliff then successfully sought leave of court under Miss.R.Civ.P. Rule 24 to file a new complaint as intervening plaintiffs.
The new complaint alleged that Dickerson had failed to construct the building with the degree of skill and workmanship possessed by those in the construction industry. The complaint also alleged that Dickerson had breached the aforementioned implied warranties and asked for damages for reckless and wanton conduct against the plaintiffs. As authority to bring the lawsuit, the appellants cited § 11-7-20 of the Miss. Code Ann. (Supp. 1989).
Dickerson then filed a motion for summary judgment asserting that summary judgment was proper because the architect for the project, Robert Parker Adams, had signed a Certificate of Substantial Compliance, indicating that the project had been completed according to the specifications. The trial court specifically denied the motion for summary judgment on this ground, but granted a final summary judgment order for reason of lack of contractual privity. The remaining action by Dr. Edgar against Dickerson is apparently still pending in the trial court. May and Ratliff then perfected their appeal to this Court.

II.

DID THE TRIAL COURT IMPROPERLY GRANT THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT LACK OF PRIVITY IS A VALID DEFENSE TO AN ACTION BY SUBSEQUENT OWNERS OF A BUILDING AGAINST THE GENERAL CONTRACTOR FOR NEGLIGENT CONSTRUCTION OF THE BUILDING AND BREACH OF THE IMPLIED WARRANTIES OF WORKMANSHIP AND HABITABILITY?
Although there is only one (1) assignment of error for the Court to consider in this case, it is necessary to divide the discussion of this one issue into two (2) parts.

A. Lack of Privity
The trial court held that:
[J]udgment should be entered against the plaintiffs Reuel May, Jr., and J. Julius Ratliff, Jr., as a matter of law, on grounds that they were not original parties to the construction contract entered into between the plaintiff, William P. Edgar, and the defendant, Ralph L. Dickerson Construction Corporation ...
The trial court's decision is incorrect because it is inconsistent with statutory law and case law from this Court. The applicable statute here is § 11-7-20, Miss. Code Ann. (Supp. 1989). It reads as follows:
In all causes of action for personal injury or property damage or economic loss brought on account of negligence, strict liability or breach of warranty, including *731 actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain said action.

(Emphasis added).
The statute states that privity is not a requirement for maintaining an action of the very type brought by the appellants in this case. Case law from this Court also supports this conclusion. This Court has held on numerous occasions that § 11-7-20 abolished the requirement of privity for maintaining an implied warranty or negligence action. See, Volkswagen of America, Inc. v. Novak, 418 So.2d 801, 803 (Miss. 1982) (implied warranty action against car manufacturer); DeVille Furniture Company v. Jesco, 423 So.2d 1337, 1339 n. 3 (Miss. 1983) (negligence, strict liability and breach of implied warranty action against contractor, subcontractor, architect and roofing manufacturer); Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670, 673 (Miss. 1983) (negligence and breach of warranty action against builder-vendor); Fedders Corp. v. Boatright, 493 So.2d 301, 308 (Miss. 1986) (implied warranty action against heat pump manufacturer); and Hargett v. Midas International Corp., 508 So.2d 663, 665 (Miss. 1987) (implied warranty action against seller of used motor home).
The privity "door" was effectively and firmly slammed shut in Keyes, supra. In that case, this Court held that: "[a] plain reading of the statute [§ 11-7-20] clearly suggests that it was the legislative intent to remove the privity requirement in all cases." 439 So.2d at 673. This holding has been reaffirmed in later cases. See, Hicks v. Thomas, 516 So.2d 1344, 1348 (Miss. 1987); Touche Ross v. Commercial Union Insurance Co., 514 So.2d 315, 321 (Miss. 1987). Therefore, the trial court's granting of summary judgment based on lack of privity was improper, and must be reversed.

B. The Certificate of Substantial Compliance
Because appellee Dickerson asserts that the architect's Certificate of Substantial Compliance eliminates any genuine issue of material fact and because this Court has previously held that an appellee on appeal is "entitled to raise any alternative ground based on the pleadings in the court below which would support the judgment here," Brocato v. Mississippi Publishers Corp., 503 So.2d 241, 244 (Miss. 1987), this Court addresses this issue. However, this Court disagrees with the appellee's assertion.
The architect for the project, Robert Parker Adams, signed an affidavit stating that any certificate of substantial compliance, final application for payment, or year-end inspection prepared by him did not certify, guarantee, or imply "that there were no hidden defects in the building," or that Dickerson constructed the building "in full compliance with all the plans and specifications."
Additionally, the specifications and plans for the building state that the Certificate of Substantial Compliance does not relieve the contractor of his obligations under the contract. Finally, Sidney Patton, a licensed architect, stated by affidavit that he had examined the plans and specifications for the Riverview Building. In his opinion, Dickerson had failed to perform its construction work in strict accordance with the plans and specifications, and with the degree of workmanship normally possessed by those in the industry.
Various legal commentators have addressed the question of what effect is to be given a certificate of compliance issued by an architect. "The mere fact that an architect's or engineer's certificate is made a condition precedent to the liability of the owner does not establish necessarily the fact that the builder has fulfilled his main obligation to build according to the plans and specifications and in a workmanlike manner." 5 S. Williston, A Treatise on the Law of Contracts, § 798, at 803 (3d ed. 1961) (Emphasis added). In a similar vein, it has been written that:
The fact that the certificate of an architect or engineer is made a condition precedent to the duty to make payment does not in itself make that certificate final and conclusive on the parties. The *732 presentation of the certificate satisfies the condition precedent to the duty to pay; but it does not deprive the other party of his right to damages for a nonperformance.
3A A. Corbin, Corbin on Contracts § 652, at 123 (1960).
It has also been held that although parties to a building or construction contract may specifically agree that an architect's decision concerning quality and character of work is final, such a conclusion will be reached only where the language of the contract itself indicates that the parties intended such a result. O.K. Johnson Electric, Inc. v. Hess-Martin Corp., Inc., 204 Kan. 478, 464 P.2d 206, 210 (1970). See also, Mercantile Trust Co. v. Hensey, 205 U.S. 298, 27 S.Ct. 535, 51 L.Ed. 811 (1907); Mississippi Fire Ins. Co. v. Evans, 153 Miss. 635, 120 So. 738, 743 (1929). In the opinion of this Court, such an express intent of the parties is lacking in this case.
By the language of the contract in the case sub judice, it appears that certain procedures were to be followed concerning final inspection and/or approval of the contractor's work and other procedures were to be followed for the issuance of the Certificate of Substantial Compliance. The "substantial" compliance language alone indicates that this certificate was not to be the final word relative to Dickerson's work. Compare, American Continental Life Insurance Co. v. Ranier Construction Co., Inc., 125 Ariz. 53, 607 P.2d 372, 374 [n. 2]-375 (1980) ("Certificate of Substantial Completion" vs. "Final Certificate of Payment").
A genuine issue of fact is presented here, making summary judgment on this ground improper. "The burden of demonstrating that no genuine issue of fact exists is on the movant." Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986). Furthermore, "[w]hen doubt exists whether there is a fact issue, the non-moving party gets its benefit. Indeed, the party against whom the summary judgment has been sought should be given the benefit of every reasonable doubt." Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983) (Citations omitted).
The trial court properly denied the appellee's summary judgment motion on this ground. Not only did Dickerson fail to meet its burden of demonstrating that no genuine issue of fact exists, it managed to clearly show that there are indeed many factual issues to be resolved here. There is no merit to this portion of the assignment of error.

C.
Finally, appellants request that this Court take disciplinary action against the appellee under Supreme Court Rule 46(d) for filing a frivolous brief. After reviewing the record and briefs in the case, this Court concludes that, although summary judgment was improperly granted by the trial court, the brief filed by the appellee is not frivolous under Rule 46(d). The appellant's motion for sanctions under Rule 46(d) is therefore denied.
For the foregoing reasons, it is the holding of this Court that the decision of the trial court should be reversed as to the summary judgment against the appellants, in favor of a full trial on the issues.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] Dr. Edgar is one of the appellants for purposes of this appeal.