589 So.2d 108 (1991)
Jim HOSFORD and Judy Hosford
v.
Steve McKISSACK and State Termite and Pest Control, Inc.
No. 90-CA-0598.
Supreme Court of Mississippi.
September 4, 1991.
As Modified on Denial of Rehearing December 11, 1991.
Thomas L. Kesler, Columbus, for appellants.
Katherine S. Kerby, Gholson Hicks & Nichols, Columbus, for appellees.
Before DAN M. LEE, P.J., and ROBERTSON and BANKS, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents questions regarding the nature and extent of exposure a pest control operator assumes when it inspects a residential property in contemplation of a sale. Plaintiffs purchased the property thirty-seven days after defendant pest control service performed its inspection, only to find some nineteen months later substantial and long-existing latent termite infestation and damage. The Circuit Court summarily dismissed their subsequent suit against the pest control service on grounds of lack of privity and lack of foreseeability. For reasons presently to be set forth, we reverse and remand.

II.

A.
Jim Hosford and Judy Hosford, husband and wife, moved from California to the Columbus, Mississippi, area in 1981. They resided in a rental property for some five years. In the Spring of 1986 the Hosfords decided the time had come to buy their own home and sought the services of ERA McCrary Real Estate, Inc., a corporation then based in Columbus.
*109 The Hosfords dealt exclusively with Rick McGill, a real estate agent within McCrary's employ. Acting for the agency, McGill showed the Hosfords several houses, including one currently known by street number as 204 Dowdle Drive in Columbus, at that time owned by Charles Smith and his wife. Judy Hosford recalls visiting the home and meeting the Smiths, who were in the process of moving out. In time, the Hosfords, via the services of McCrary Real Estate and McGill, struck a deal for the purchase of this property and on July 11, 1986, took a warranty deed thereto. In the meanwhile, it appears that Johnny Mack McCrary, principal in McCrary Real Estate, had purchased the property from the Smiths and taken title in his own name, and it is McCrary individually who appears as grantor on the Hosfords' deed. But this is getting ahead of the story.
State Termite and Pest Control, Inc. is a Mississippi corporation having its principal place of business in Columbus, Mississippi. Steve McKissack is a pest control specialist employed by State Termite. McCrary contacted State Termite and requested an inspection of the Dowdle Drive property and a report thereon. On June 4, 1986, State Termite submitted its Wood Destroying Insect Information/Existing Construction Report to McCrary on a standard Veterans Administration form. The report was prepared and signed by McKissack on behalf of State Termite. It listed Charles Smith as the owner of the property and McCrary, individually, as the purchaser. The VA form provided State Termite pre-inspection instructions. Among these, we find:
3. If visual evidence is found, the insects causing such evidence will be listed in Item 8A and damage resulting from such infestation will be noted in Item 8D.
McKissack reported no damage and indicated further "No visible evidence of infestation from wood destroying insects was observed." McKissack did note the area "behind brick veneer" was obstructed or inaccessible.
The report concluded with a "Statement of Pest Control Operator," reading:
A. The inspection covered the readily accessible areas of the property, including attics and crawl spaces which permit entry. Special attention was given to those accessible areas which experience has shown to be particularly susceptible to attack by wood destroying insects. Probing and/or sounding of those areas and other visible accessible wood members showing evidence of infestation was performed.
B. The inspection did not include areas which were obstructed or inaccessible at the time of inspection.
C. This is not a structural damage report. Neither is this a warranty as to absence of wood destroying insects.
It is true the Hosfords did not engage State Termite's services. Their name appears nowhere on the June 4, 1986, report State Termite via McKissack completed and delivered to McCrary Real Estate. Thirty-seven days later, the Hosfords assembled in the offices of National Mortgage Company in Columbus together with Johnny Mack McCrary, Rick McGill of McCrary Real Estate, and someone named Pat who was employed by National Mortgage. The object of the meeting was to close the Hosfords' purchase of the Dowdle Drive property. Judy Hosford recalls State Termite's inspection report being submitted among the closing documents and assuming it meant everything was all right.
Following the closing, the Hosfords contracted with State Termite for monthly pest control treatment services. In January of 1988, Jim Hosford first noticed conditions suggesting termite infestation and damage. Hosford first had the property inspected by Ron Colt, a carpenter, and thereafter by Jim Haskins and Leslie Vissage, employees of the Pest Control Section, Division of Plant Industry, United States Department of Agriculture, working out of Mississippi State University. Here the details are unnecessary except to say that these parties, particularly Haskins, reported substantial termite infestation and damage which had existed for more than two years and possibly as long as fifteen years and which certainly should have been *110 discovered upon a competent inspection in June of 1986.

B.
On May 18, 1988, the Hosfords formally commenced this civil action by filing their complaint in the Circuit Court of Lowndes County, Mississippi. The Hosfords named as Defendants Steve McKissack, individually, and State Termite and Pest Control, Inc., in its corporate capacity. The Hosfords alleged several theories of recovery only one of which, negligence, concerns us today.
After considerable discovery, the matter came on for decision on Defendants' motion to dismiss, Rule 12(b)(6), Miss.R.Civ.P., or, in the alternative, for summary judgment, Rule 56, Miss.R.Civ.P. Following oral argument, the Circuit Court on April 20, 1990, entered its order granting summary judgment for Defendants and dismissing the complaint. The Court cited as bases for its ruling that the Hosfords
"were third party purchasers of a home outside the circle of foreseeability of the inspection conducted by defendants of the property. The Hosfords lacked privity with the defendants and additionally are outside the circle of foreseeability... . The foreseeability issue is controlling... ."
The Hosfords now appeal to this Court.

III.
A pest control operator is held to a duty of reasonable care not unlike that the law imposes upon anyone providing expert or specialized services to the public. Compare, e.g., Singleton v. Stegall, 580 So.2d 1242 (Miss. 1991); Gilmore v. Garrett, 582 So.2d 387 (Miss. 1991); Harris v. Shields, 568 So.2d 269, 273 (Miss. 1990); Touche Ross v. Commercial Union Insurance Co., 514 So.2d 315, 322-23 (Miss. 1987), and Hall v. Hilbun, 466 So.2d 856, 866, 869-72 (Miss. 1985). We do not understand the Circuit Court nor Defendants to deny these premises. Rather, they claim these avail the Hosfords nothing on the formalistic finding of lack of privity and, concurrently, the more factual finding of lack of foreseeability.
Privity, first. The Legislature of this state, with the Governor's assent, has declared that:
In all causes of action for personal injury or property damage or economic loss brought on account of negligence, strict liability or breach of warranty, ..., privity shall not be a requirement to maintain said action.
Miss. Code Ann. § 11-7-20 (Supp. 1986). The statute means what it says, a fact we have often noted. See, e.g., May v. Ralph L. Dickerson Construction Corp., 560 So.2d 729, 730-31 (Miss. 1990); Hicks v. Thomas, 516 So.2d 1344, 1348 (Miss. 1987); Touche Ross & Co. v. Commercial Union Insurance Co., 514 So.2d at 321; Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670, 673 (Miss. 1983). May and Keyes, like today's case, were brought by subsequent purchaser homeowners.
The Hosfords' action against State Termite and McKissack sounds in negligence, for breach of the duty of reasonable care. Given this fact and the indubitable content of our law, no legal consequence attends the formal fact that the Hosfords had no contract with State Termite and McKissack, but that instead it was McCrary (Real Estate) who engaged State Termite and McKissack.
The demise of the defense of privity removes only a formalistic barrier to recovery. It does not expose these defendants to liability to the whole world. The door opened by the demise of privity is limited by more realistic inquiries into foreseeability and detrimental reliance. For example, we find in Touche Ross the statement that
An independent auditor is liable to reasonably foreseeable users of the audit, who request and receive a financial statement from the audited entity for a proper business purpose, and who then detrimentally rely on the financial statement, suffering a loss, proximately caused by the auditor's negligence.
Touche Ross, 514 So.2d at 322. The Circuit Court cited Touche Ross as grounds for *111 granting Defendants' motion for summary judgment, but the reason therefor eludes us, unless the Court gave a wooden reading to the "request" component of the above statement. While those who request and receive an audit report or a termite inspection report may be within the ambit of the defendant's duty, it does not follow on principle that those who do not formally request the report of and from its maker are excluded.
Restatement (Second) of Torts § 552 (1977), expresses an alternate view:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.
The Restatement then allows recovery by third parties, whom one such as a termite inspector may reasonably be expected to supply with information, and it is important that the particular identity of the third party is not relevant. See, Restatement (Second) of Torts § 552 comment h (1977).
In Touche Ross and the accountant's liability setting in which we there worked, we found the Restatement view a bit restrictive. We have no such qualms today, so long as "knows" in Restatement § 552(2)(a) and (b) is understood as meaning "knows or reasonably should know." See also, Hardy v. Carmichael, 207 Cal. App.2d 218, 24 Cal. Rptr. 475, 480-81 (1962) (applying Restatement § 552 in subsequent home buyer's suit against termite company for negligent inspection and report); Perschall v. Raney, 137 Ill. App.3d 978, 983-84, 92 Ill.Dec. 431, 434-35, 484 N.E.2d 1286, 1289-90 (1985) (same); Pietramale v. Dugay, 714 S.W.2d 281, 283-84 (Tenn. 1986) (same).
The record before us makes clear that McCrary bought and sold houses professionally. Without any intimation that it is controlling, we accept this as a disputed issue of fact on this record and resolve it in the Hosfords' favor for purposes of assessing the propriety of summary judgment. State Termite and McKissack are, in our present procedural posture, charged inferentially with knowledge that McCrary was not planning to live in the Dowdle Drive residence and that he would probably use the termite inspection report in connection with his sale of the house to another. At the very least, State Termite and McKissack should reasonably have foreseen that McCrary's immediate purchaser would receive and rely on the report. They should have foreseen that McCrary would so use the report for a reasonable time after June 4, 1986, until, that is, through the passage of time, the report became stale. In point of fact, the State Termite report was presented to the Hosfords on July 11, 1986, at closing and there is sufficient suggestion of the Hosfords' reliance thereon to survive summary judgment.
McNease v. Bone, 448 So.2d 1160 (Fla. Dist. Ct. App. 1984), factually resembles the case at bar. There, Robert Bell entered into a contract with McNease to treat his house for termites. McNease, 448 So.2d at 1161. McNease performed the inspection and reported no termites plagued the house. McNease, 448 So.2d at 1161. While the contract was still in effect, Bell sold his home to Bone under a sales agreement requiring inspection of the house for termites. *112 McNease, 448 So.2d at 1161. A short time after the Bones moved into the house they discovered extensive mildew damage. McNease, 448 So.2d at 1161. The court affirmed a judgment against McNease based upon a theory of negligent inspection of the property. McNease, 448 So.2d at 1162. The court found failure to use a statutorily required inspection form led to the damage to the house and the Bones were within that class protected by the statute. McNease, 448 So.2d at 1162. While the case at bar contains no statutory reporting requirement, a duty existed to perform the inspection in a reasonable manner. McNease suggests subsequent property owners may recover for negligent pre-purchase inspections of their property. See also, Rayner v. Wise Realty Co., 504 So.2d 1361 (Fla. Dist. Ct. App. 1987).

IV.
In sum, we hold the Circuit Court erred as a matter of law insofar as it relied on lack of privity as grounds for barring the Hosfords' suit. Lack of privity is not a defense in a negligence action such as this. The Court erred as well when it held there was no genuine issue of material fact on the core questions of foreseeability and, implicitly, detrimental reliance. We reverse the final judgment entered April 30, 1990, and remand this case to the Circuit Court for such further proceedings as may be appropriate as though the motion for summary judgment had been denied. See Hardy v. Carmichael, supra, 24 Cal. Rptr. at 480-81; Pietramale v. Dugay, supra, 714 S.W.2d at 284. We caution that nothing said here be taken as intimating any view on our part ought ultimately be decided on its merits.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.