RANDOLPH, Justice,
concurring in part and dissenting in part:
¶ 35. I concur in part with my colleagues in the plurality as to their analysis of equitable subrogation and affirmation of the trial court’s dismissal of Great American’s claims for breach of the attorney-client relationship, i.e., claims of legal malpractice. However, I must depart from the plurality’s affirmance of dismissal of all negligence claims. I would hold that the claims for negligence, et al., should not be dismissed on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.
¶ 36. Great American filed its amended complaint on March 12, 2007, asserting, among other things, several claims for negligence on the part of Quintairos. On September 2, 2008, Quintairos filed the Rule 12(b)(6) motion to dismiss that is the subject of this appeal, as well as a motion to stay proceedings pending ruling on its motion to dismiss. Great American filed a response to Quintairos’s motion on September 29, 2008, arguing that it had properly pleaded viable theories of recovery and should be allowed to conduct discovery to unearth important facts to substantiate its negligence claims.
¶37. Subsequently, Great American filed a supplemental response to Quintai-ros’s motion on February 19, 2009. Great American brought to the court’s attention the recent Fifth Circuit Court of Appeals decision in Paul v. Landsafe Flood Determination, Inc., 550 F.3d 511 (5th Cir.2008) (Southwick, J.), which, it argued, supported its contention that viable negligence claims against Quintairos were presented. Sitting in diversity, Judge Southwick provided a well-considered analysis of Mississippi law as it regards “a defendant’s duty of care in the performance of professional services.” Id. at 518.
¶ 38. Paul involved an incorrect flood-zone determination prepared at the request of a mortgage lender. Id. at 512. Before providing financing to the homeowner (“Dobsa”), the mortgage lender chose Landsafe to assess whether the home was located in a flood zone. Id. Landsafe reported that the home was not located in a flood zone, and, consequently, the mortgage lender financed the home without requiring Dobsa to purchase flood insurance. Id. After Hurricane Katrina caused significant damage to Dobsa’s home, she learned that her home actually was located in a flood zone. Id. Subsequently, Dobsa sued Landsafe for negligence and negligent misrepresentation. Id. at 513.
¶ 39. Landsafe argued that “Mississippi law imposed no duty on [it] to provide Dobsa with a correct determination” because the “[mortgage lender], not Dobsa, had selected [them] to perform the determination.” Id. at 515. The Fifth Circuit rejected this argument and reversed summary judgment for Landsafe. The court *428 found that Mississippi employs a “‘foreseeability approach’ for analyzing a defendant’s duty of care in the performance of professional services,” and held that Land-safe could be liable to Dobsa regardless of the fact that the determination was made at the request of the mortgage lender. Id. at 518. The court noted that the “proper inquiry is whether it was reasonably foreseeable that Dobsa would receive and rely on Landsafe’s report.” Id. at 516 (emphasis added).
¶ 40. In formulating its analysis of Mississippi law, the Fifth Circuit relied heavily on this Court’s decisions in Touche Ross and Hosford. See Touche Ross & Co. v. Commercial Union Ins. Co., 514 So.2d 315 (Miss.1987); Hosford v. McKissack, 589 So.2d 108 (Miss.1991). In Touche Ross, this Court implicitly adopted the Restatement of Torts view of professional duty and held that an independent auditor can be held liable to “reasonably foreseeable users of the audit, who request and receive a financial statement from the audited entity for a proper business purpose, and who then detrimentally rely on the financial statement, suffering a loss, proximately caused by the auditors’ negligence.” Id. at B22.[25]
¶ 41. The Court extended this rule to the preparation of a faulty termite report in Hosford. Although a real estate company, and not the homeowner, had hired the termite company to prepare the report, the Court held that the termite company could be liable to the homeowner for negligent misrepresentation. Id. at 110. The Court reiterated that liability is to “reasonably foreseeable users.” Id.; See also Strickland v. Rossini, 589 So.2d 1268, 1277 (Miss.1991) (stating “[t]his rule permits parties who are foreseeable recipients of a negligently prepared professional opinion, and who detrimentally rely on that opinion in their business affairs to recover from the person offering the opinion”).
¶ 42. A plain reading of Paul, Touche Ross, and Hosford makes clear that Mississippi applies the “foreseeability approach” for negligence claims involving professional services. This rule provides strong support to Great American’s argument that it had standing and pleaded viable claims against Quintarnos, regardless of its status as an excess insurance carrier. The question becomes, “was it reasonably foreseeable that [Great American] would receive and rely on [Quintairos’s presentation of facts]?” See Paul, 550 F.3d at 516.
¶ 43. Although not mentioned in Paul, this Court’s holding in Berkline Corp. v. Bank of Mississippi, 453 So.2d 699 (Miss.1984), is consistent with both the Fifth Circuit’s holding and the holdings in Touche Ross and Hosford. In Berkline, the Court determined that a bank could be held liable for negligence for its failure to exercise reasonable care in issuing a credit report to a third party. Despite emphasizing that the bank “was under no duty” to issue the credit report, the Court stated, “[w]here a bank, through one of its duly authorized officers or agents, undertakes to supply credit information, arguably gratuitously, the bank and its officers are bound to use the skill and expertise which they hold themselves out to the public as *429 possessing.” Id. at 702 (emphasis added). Even assuming arguendo that Quintairos owed no duty to Great American, Berkline required that, once Quintairos “undertook” to provide case evaluations, which may include “facts,” it owed a duty to Great American to do so with “reasonable care and diligence.” Id. Considerable and contestable questions remain to be resolved as to whether Quintairos misrepresented facts that it used in formulating opinions.
¶44. Like the Court in Berkline, the plurality correctly states the elements of a claim for negligent misrepresentation, the first of which is “a plaintiff must prove ‘(1) a misrepresentation or omission of fact.’ ” PI. Op. at ¶ 31; see also Berkline, 453 So.2d at 702. However, the plurality assumes that “Quintairos’s case valuations provided opinions” without the misrepresentation of material fact, and, therefore, Great American failed the “fact” requirement of the first element. PI. Op. at ¶ 32. The state of the record is simply too sparse for this Court to make such a leap. Indeed, a summary judgment proceeding, after discovery has been conducted, may lead to such a conclusion, but the embryonic stage of this case does not allow such a conclusion.
¶ 45. A Rule 12(b)(6) motion to dismiss “should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim.” State v. Bayer Corp., 32 So.3d 496, 502 (Miss.2010). At this stage of the proceeding, Quintairos is on fair notice of the complaints against it, and, if not, might be entitled to a Rule 12(e) Motion for More Definite Statement. See Miss. R. Civ. P. 12(e). As such, it is my opinion that the trial court improvidently granted Quintairos’ motion to dismiss all claims of negligence. Therefore, I would reverse and remand for further proceedings consistent with this opinion.
KITCHENS AND PIERCE, JJ„ JOIN THIS OPINION.

. The Restatement approach states, in pertinent part,
(1) One who, in the course of his business, profession or employment, or in any other transaction which he has a pecuniary interest, supplies false information for the guidance of others in their business transaction is subject to liability for pecuniary loss suffered by them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating information.
Restatement (Second) of Torts: Misrepresentation § 552 (1977).