Richard S. ARVAI and Ellen M. Arvai, Appellants,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee.

No. 82–1394.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1982.

Decided Jan. 20, 1983.

---

**684**

Roger L. Couch, Spartanburg, S.C. (Henderson, Lister, Couch, Brandt & Ackermann, Spartanburg, S.C., on brief), for appellants.

Mason A. Goldsmith, Greenville, S.C. (Love, Thornton, Arnold & Thomason, Greenville, S.C., on brief), for appellee.

Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM.

Plaintiffs Richard S. and Ellen M. Arvai appeal the dismissal of their action under the National Flood Insurance Act, 42 U.S.C. §§ 4001 *et seq.*, against defendant First Federal Savings & Loan Association. The Arvais alleged that First Federal failed to comply with the provisions of § 4012a(b) and § 4104(a) of the Act. The district court held that no private right of action existed under the Act and accordingly dismissed the complaint for failure to state a claim upon which relief could be granted. We affirm.

The general mandate of § 4012a(b) is that federally regulated lenders shall not make loans secured by improved realty located in flood hazard areas unless the property is covered by flood insurance. Similarly, § 4104(a) requires these same lenders to notify purchasers that the improved realty is located in a flood hazard area. The facts, taken in the light most favorable to the Arvais, are that they purchased flood-prone property with funds secured by the property and obtained from a federally regulated lender, First Federal. First Federal failed to comply with the requirements of § 4012a(b) and § 4104(a). The Arvais' property was subsequently flooded and suffered non-insured flood damage. The Arvais sought monetary relief against First Federal for its noncompliance under the Act.

Because the Act, by its terms, does not expressly grant plaintiffs a private cause of action, the Arvais proceeded on the theory that the Act created an implied private action. The district court correctly analyzed this claim under the standard of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and its progeny. After scrutinizing the language and legislative history of the Act, the district court found that the Arvais as borrowers were not in a class for whose especial benefit the Act was passed. The court further found no specific congressional intent to allow a private action for damages, and concluded that no private action for damages existed under the Act. The court was aided in its dissection of the Act by the opinion of the Fifth Circuit in *Till v. Unifirst Federal Savings and Loan Association*, 653 F.2d 152 (5th Cir.1981), which also held that no private damage action existed under the Act.

Like the district court, we are persuaded by the reasoning of *Till*. Having studied the briefs and record and considered oral argument of counsel, we affirm the district court's judgment on the basis of its well-reasoned order dismissing the Arvais' complaint for failure to state a remediable claim. *Arvai v. First Federal Savings & Loan Association*, 539 F.Supp. 921 (D.S.C. 1982).

*AFFIRMED.*