James Andrew NAMEY and Joan Marie Namey, Plaintiffs,

v.

FEDERAL LAND BANK OF BALTIMORE, Defendant.

Civ. A. No. A:86–0121.

United States District Court, S.D. West Virginia, Parkersburg Division.

Oct. 27, 1986.

Henry E. Wood, III, Charleston, W.Va., for plaintiffs.

Joseph S. Beeson, Robinson & McElwee, Charleston, W. Va., for defendant.

## ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of the Defendant to dismiss. The time for responding having passed, the Court now deems the matter mature for decision.

The Plaintiffs, husband and wife, obtained a loan from the Defendant, the Federal Land Bank of Baltimore, on November

1, 1977. The loan was for the purpose of constructing a house. The Plaintiffs apparently did use the loan proceeds to build a house in Jackson County, West Virginia. In their complaint, the Plaintiffs allege that they were never advised that their property was located in a flood hazard area. Hence, the Plaintiffs contend that as a result they did not obtain flood insurance. Apparently, the Plaintiffs' home was destroyed by a flood on August 21, 1980. They have instituted this action seeking damages for the loss of their home. The Plaintiffs claim that the Defendant bank breached its statutory duty by approving a loan for construction of a house in a designated flood hazard area, knowing that the Plaintiffs were not covered by flood insurance.

In its motion to dismiss, the bank presents three arguments as to why the Plaintiffs' complaint should be dismissed. The Court has reviewed the arguments of the Defendant and finds them to be meritorious. The Court will summarize each of the three arguments made by the Defendant.

■ First, the Defendant contends that it is not subject to the provisions of the Flood Disaster Protection Act of 1973. The Defendant points out that it is supervised by the Farm Credit Administration (FCA). 12 U.S.C. § 2002. The FCA is not a "federal instrumentality" which is required by the terms of the Flood Disaster Protection Act of 1973 to promulgate regulations requiring flood insurance for those individuals who obtain loans from the federal entity for the construction of houses in flood hazard areas. Therefore, the FCA has not adopted any regulations directing its supervised entities, such as the Federal Land Bank, to require flood insurance. Therefore, the Defendant argues that the FCA and its supervised institutions are excluded from the Act's coverage. The Court agrees.

■ Second, the Defendant contends that no private cause of action is created by the Act in favor of the Plaintiffs. The Fourth Circuit authority is quite clear on this point. In *Arvai v. First Federal Savings & Loan Association*, 698 F.2d 683 (4th Cir.1983), the court held that the plaintiffs "were not in a class for whose special benefit the Act was passed" and that there was "no specific congressional intent to allow a private action for damages...." *Id.* at 684. The Court made this finding under the standard of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), a standard which a court must apply in determining whether a statute gives rise to an implied private cause of action. The Fourth Circuit explicitly held that the Flood Disaster Protection Act of 1973 does not create a private cause of action. This holding is in accord with all other reported decisions on this issue. The Court finds this precedent to be both persuasive and binding.

■ Third, since the Plaintiffs bring their action more than five years after the destruction of their home, the Defendant argues that their claim is barred by the statute of limitations. The Court agrees. The applicable limitations period would appear to be two years. This is true whether the action is construed as one for fraud or one for negligence. *See W.Va.Code*, § 55–2–12. The Plaintiffs have not made any allegations concerning tolling. Therefore, their action—if not fatally flawed for other reasons—is barred by the statute of limitations.

For the reasons amply set forth by the Defendant, the Court grants the motion to dismiss. Accordingly, an order will issue dismissing this action with prejudice.