MID-AMERICA NATIONAL BANK OF CHICAGO *et al.*, Plaintiffs-Appellants, v. FIRST SAVINGS & LOAN ASSOCIATION OF SOUTH HOLLAND *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—417

Opinion filed September 16, 1987.

Arnold H. Landis, of Chicago, for appellants.

Linden E. Lindenbaum, of Chicago, for appellee First Savings and Loan Association of South Holland.

Raymond J. Ostler, of Chicago, for appellee A. J. Smith Federal Savings and Loan Association.

Michael .P. Tone, of Chicago, for appellee Joliet Federal Savings and Loan Association.

Kenneth Shaw, Jr., and Jeffrey M. Weston, both of Chicago, for appellee

Lomas Nettleson Company.

Glen H. Kanwit, William J. McKenna, Jr., and Jerome E. Boyle, all of Chicago, for appellee Talman Federal Savings and Loan Association.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, members of a class action, appeal from the trial court's order dismissing their amended complaint with prejudice pursuant to section 2—615 motions (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) filed by defendants First Savings and Loan Association of South Holland, Talman Federal Savings and Loan Association, Joliet Federal Savings and Loan Association, A. J. Smith Federal Savings and Loan Association and Lomas Nettleson Company. We affirm.

Plaintiffs' present cause of action originates from a civil class action suit plaintiffs filed in the United States District Court for the Northern District of Illinois, No. 82 C 3386. In count I of their Federal complaint, plaintiffs alleged a statutory claim for violation of the National Flood Insurance Act (Flood Act), 42 U.S.C. sec. 4001 *et seq.* (1985). Count II sounded in a breach of a common law duty allegedly created by the Flood Act. Count III sounded in breach of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*).

Plaintiffs essentially alleged that they received mortgage loans from defendants to purchase improved real estate. Plaintiffs claimed that defendants failed to require plaintiffs to purchase flood insurance in an amount equal to the outstanding balance of the mortgages in violation of section 4012a(b) of the Flood Act (42 U.S.C. sec. 4012a(b) (1985)). Section 4012a(b) requires Federal agencies responsible for the regulation of institutional lending to direct federally insured lenders to provide loans secured by improved real estate located in areas identified as flood zones only if the property is covered for the term of the loan by flood insurance in an amount equal to the outstanding principal balance of the mortgage loan. (42 U.S.C. sec. 4012a(b) (1985).) Plaintiffs further alleged that defendants failed to inform plaintiffs that the properties purchased were located in designated flood hazard areas in violation of section 4101(a) of the Flood Act (42 U.S.C. sec. 4104a (1985)). Section 4104a directs Federal agencies regulating federally insured institutional lenders to condition the making of a loan on the notification of flood hazards, in writing, a reasonable period in advance of the signing of the purchase agreement. (42 U.S.C. sec. 4104a (1985).) Plaintiffs contended that they suffered damages as a result of uninsured losses due to flooding.

Defendants filed motions to dismiss plaintiffs' Federal complaint with prejudice. In their motions, defendants argued that count I should be dismissed because no private statutory right of action to recover damages existed under the Flood Act. Defendants further argued that as a result, counts II and III of plaintiffs' complaint should be dismissed for lack of pendent jurisdiction. On March 30, 1983, the district court granted defendants' motions and dismissed counts I, II and III of plaintiffs' complaint.

Thereafter, plaintiffs appealed the dismissal of count I to the Seventh Circuit Court of Appeals. Plaintiffs also filed the lawsuit giving rise to the present cause of action in the chancery division of the circuit court of Cook County on April 15, 1983. The allegations contained in this complaint were virtually identical to those set forth in plaintiffs' Federal court complaint. Several defendants then filed motions to dismiss. However, before the motions could be ruled on by the trial court, a stay order was entered pending resolution of plaintiffs' appeal to the United States Court of Appeals for the Seventh Circuit.

On June 16, 1984, the United States Court of Appeals for the Seventh Circuit affirmed the district court's dismissal of plaintiffs' Federal claims. (*Mid-America National Bank v. First Savings & Loan Association* (7th Cir. 1984), 737 F.2d 638 (No implied right of action exists under provisions of the Flood Act, which requires lenders to notify borrowers of the flood risk of property prone to flooding, or under provisions mandating lenders to require borrowers to purchase flood insurance to the extent of the loan amount. Owners of flood-damaged property cannot maintain a cause of action under the Flood Act against lenders who fail to comply with the Act's requirements).) On January 14, 1985, the United States Supreme Court denied plaintiffs' petition for a writ of *certiorari. Mid-America National Bank v. First Savings & Loan Association* (1985), 469 U.S. 1160, 83 L. Ed. 2d 924, 105 S. Ct. 911.

Following the denial of plaintiffs' petition for a writ of *certiorari,* plaintiffs filed an amended complaint. In count I of their amended complaint, plaintiffs alleged that the existence of the relationship between plaintiffs and defendants required defendants to warn plaintiffs of flood hazards. Plaintiffs sought damages for negligent misrepresentation. In count II of their amended complaint, plaintiffs claimed that defendants had adopted certain business practices in accordance with the requirements of the Flood Act. Plaintiffs argued that the adoption of these business practices imposed a duty on defendants to comply with the provisions of the Flood Act. In count III, plaintiffs alleged a violation of the Consumer Fraud Act (Ill. Rev. Stat. 1985, ch. 121½,

par. 261 *et seq.*).

Defendants subsequently filed section 6—615 motions (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), with supporting memoranda, seeking a dismissal of plaintiffs' amended complaint for failure to state a cause of action. Plaintiffs filed a reply. After a hearing and argument of counsel, the trial court entered an order dismissing plaintiffs' amended complaint with prejudice. This appeal followed.

■■ ■ On appeal from a motion to dismiss at the pleading stage, we must consider the factual allegations of the complaint to determine not the probability but only the possibility of recovery. (*Stansbury v. Home State Bank* (1976), 42 Ill. App. 3d 58, 62, 355 N.E.2d 613, 617.) All facts properly pleaded in a complaint will be taken as true for purposes of ruling on a motion to dismiss. *Penkava v. Kasbohm* (1987), 117 Ill. 2d 149, 151, 510 N.E.2d 883, 884.

We first address count I of plaintiffs' amended complaint sounding in negligent misrepresentation. Plaintiffs contend that defendants were legally obligated to disclose (1) that the properties to be acquired by plaintiffs were located in areas designated as having special flood hazards and (2) the availability of flood insurance. According to plaintiffs, defendants' failure to warn them of the special risks associated with the properties they were to purchase constituted negligent misrepresentation.

■■ The tort of negligent misrepresentation involves a breach of a duty to utilize due care in obtaining and communicating information upon which another individual may reasonably be expected to rely in conducting his or her economic affairs. A misrepresentation may arise from a failure to provide information which there is a duty to provide or from providing information which is false. (*Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 420-21, 484 N.E.2d 473, 479.) However, as plaintiffs concede, there can be no liability for a failure to inform, unless there is a duty to speak. Therefore, count I of plaintiffs' amended complaint states a cause of action for negligent misrepresentation only if the allegations contained therein establish a legally recognized duty on the part of mortgage lenders to disclose flood hazards to borrowers. While plaintiffs scrupulously avoid discussion of, or reference to, sections 4012a(b) and 4104a of the Flood Act, the gravamen of plaintiffs' argument is that these sections create a standard of conduct which, if breached, would give rise to a common law action for negligent misrepresentation.

■■ ■ The question of whether or not a Federal statute establishes the appropriate standard of conduct for a State common law cause of action is a matter of State law. Consequently, such a determination

rests within the province of a State's courts of review. We believe that the determination of whether the requirements of a Federal statute may provide the basis for a duty which, if breached, would give rise to a State common law cause of action must necessarily depend upon the intent of the legislature which enacted the statute. We decline to espouse a result which would have sections of the Flood Act creating a duty, which, if breached, would give rise to a common law action for negligent misrepresentation in this State.

■■ Initially, the Flood Act does not provide borrowers with either an express or implied Federal statutory cause of action against a lending institution for violations of the Act. (*Mid-America National Bank v. First Savings & Loan Association* (7th Cir. 1984), 737 F.2d 638; *Hofbauer v. Northwestern National Bank* (8th Cir. 1983), 700 F.2d 1197; *Arvai v. First Federal Savings & Loan Association* (4th Cir. 1983), 698 F.2d 683; *Till v. Unifirst Federal Savings & Loan Association* (5th Cir. 1981), 653 F.2d 152.) Rather, the legislative history of the Flood Act reveals that it was adopted to "diminish, by implementation of sound land use practices and flood insurance, the massive burden on the federal treasury of escalating federal flood disaster assistance." (*Mid-America National Bank v. First Savings & Loan Association* (7th Cir. 1984), 737 F.2d 638, 642; H.R. Rep. No. 1585, 90th Cong., 2d Sess. *reprinted in* 1968 U.S. Code Cong. & Adm. News 2873, 2966-67.) The Flood Act is simply part of a comprehensive administrative scheme which provides that enforcement of its provisions, and sanctions for violations, are to be carried out by the appropriate Federal agency. In the case of violations by a national banking institution, the Comptroller of the Currency has the authority to issue cease-and-desist orders against banks to terminate unsound practices. (12 U.S.C. sec. 1818(b)(1) (1982).) With respect to federally insured savings and loan associations, the Federal Home Loan Bank Board possesses the authority to issue cease-and-desist orders against savings and loan officers (12 U.S.C. sec. 1464(d)(2)(A) (1982)), to terminate unsound practices (12 U.S.C. sec. 1464(d)(4) (1982)), to impose administrative remedies, including monetary penalties (12 U.S.C. sec. 1464(d)(8)(B) (1982)), and to mandate affirmative action to correct such violations (12 U.S.C. sec. 1464(d)(2)(A) (1985)). *Mid-America National Bank v. First Savings & Loan Association* (7th Cir. 1984), 737 F.2d 638, 642.

●8 In addition to the legislative purpose for Congress' enactment of the Flood Act, the plain language of the Act evinces a greater concern for lenders than for borrowers. (*Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 423, 484 N.E.2d 473, 481; *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Association* (N.D. 1982), 315 N.W.2d 284,

288.) The Act itself does not grant any direct benefit to borrowers nor does it directly impose any obligations on lenders. Specifically, section 4012a(b) of the Flood Act requires a borrower to obtain and maintain insurance only for the outstanding balance of the mortgage, not for the borrower's equity in the property. (12 U.S.C. sec. 4012a(b) (1982).) Clearly, the purpose of enacting the Flood Act was not to benefit borrowers at the expense of lenders by allowing a borrower to sue a federally insured lender for negligent misrepresentation when the ultimate liability would rest upon the Federal treasury. (See *Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 423, 484 N.E.2d 473, 481.) We, therefore, believe that based upon the legislative purpose for enactment of the Flood Act and its plain wording, the Flood Act cannot be utilized to create a duty which, if breached, would give rise to a common law action for negligent misrepresentation in this State.

We further believe that our decision in this case is buttressed by principles of federalism and the separation of powers doctrine. "Under our constitution, the legislative, executive and judicial branches of government are separate and no branch shall exercise powers properly belonging to another." (*Roti v. Washington* (1986), 148 Ill. App. 3d 1006, 1018, 500 N.E.2d 463, 471 (Rizzi, J., dissenting).) The Federal judiciary exercises significant power over legislation, specifically, the right to construe and prescribe substantive standards of conduct to supplement Federal legislation. However, this power is usually exercised when a court already has jurisdiction and the asserted cause of action is established. "Implication of a private cause of action, in contrast, involves a significant additional step. By creating a private action, a court of limited jurisdiction necessarily extends its authority to embrace a dispute Congress has not assigned it to resolve." *Cannon v. University of Chicago* (1979), 441 U.S. 677, 746, 60 L. Ed. 2d 560, 606, 99 S. Ct. 1946, 1983 (Powell, J., dissenting).

Here, Federal courts have determined that the Flood Act creates neither an express nor an implied private right of action. (*Mid-America National Bank v. First Savings & Loan Association* (7th Cir. 1984), 737 F.2d 638; *Hofbauer v. Northwest National Bank* (8th Cir. 1983), 700 F.2d 1197; *Arvai v. First Federal Savings & Loan Association* (4th Cir. 1983), 698 F.2d 683; *Till v. Unifirst Federal Savings & Loan Association* (5th Cir. 1981), 653 F.2d 152.) We believe that the separation of powers doctrine and the principles of federalism, which militated against Federal courts formulating a private cause of action under the Flood Act, apply with equal force against the adoption of a Federal statute as the standard of care in a State negligent misrepresentation action. We therefore conclude that 42 U.S.C. secs. 4012a(b)

and 4104a do not create a standard of conduct which, if breached, would give rise to an action for common law negligent misrepresentation in Illinois. Accord *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Association* (N.D. 1982), 315 N.W.2d 284; *cf. Lehmann v. Arnold* (1985), 137 Ill. App. 3d 412, 484 N.E.2d 473 (neither a State common law negligence nor a contract cause of action exists for a violation of the Flood Act).

■ Plaintiffs alternatively argue in count I of their amended complaint that there existed a "special relationship" between plaintiffs and defendants. According to plaintiffs, this "special relationship" imposed a duty upon defendants to inform plaintiffs that the property they were acquiring was located in an area having special flood hazards and that flood insurance was available. The gist of plaintiffs' argument is that defendants stood as fiduciaries toward plaintiffs.

Where a fiduciary relationship does not exist as a matter of law, such a relationship may nonetheless occur where one party, due to a close relationship, relies very heavily on the judgment of another. (*Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 774, 433 N.E.2d 315, 322.) "[A] slightly dominant business position *** [does] not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship." 104 Ill. App. 3d 767, 774, 433 N.E.2d 315, 322.

■ Here, there is no fiduciary or special relationship arising as a matter of law and plaintiffs do not contend such to be the case. Moreover, in their complaint, plaintiffs fail to allege facts sufficient to create a duty on defendants to speak, the failure of which would support a cause of action for defendants' breach of a fiduciary duty. The record discloses nothing in the way of a special relationship between the parties other than the conventional mortgagor-mortgagee relationship. Such a relationship, standing alone, is insufficient to sustain an allegation of a fiduciary or special relationship. (See *La Throp v. Bell Federal Savings & Loan Association* (1977), 68 Ill. 2d 375, 391, 370 N.E.2d 188, 196.) Additionally, as we have determined that Illinois law imposes no common law duty on defendants to protect plaintiffs from flood hazards, plaintiffs' reliance on the Flood Act as a basis for the information defendants were allegedly required to disclose is unfounded. Therefore, the trial court properly dismissed count I of plaintiffs' amended complaint for failure to state a cause of action.

Plaintiffs next argue that the trial court improperly dismissed count II of their amended complaint with prejudice. In count II of their amended complaint, plaintiffs alleged that defendants had adopted certain business practices in accordance with the requirements of the

Flood Act. Plaintiffs contended that the adoption of these business practices imposed a duty on defendants to comply with the Act's provisions. Specifically, plaintiffs allege that defendants were required to (1) determine whether property to be mortgaged was located in a flood hazard zone, (2) notify prospective borrowers of this fact and (3) require affected borrowers to purchase flood insurance. Plaintiffs essentially contend that defendants voluntarily undertook a duty to protect borrowers from flood hazards.

The duties that plaintiffs allege defendants voluntarily understood are the same requirements that the Flood Act imposes upon federally insured lending institutions. As we have stated, the Flood Act requires federally insured lenders to protect themselves from the risk of default on mortgage loans secured by property located in flood hazard areas. (42 U.S.C. sec. 4001 *et seq.*) Even construing the allegations in count II of plaintiffs' amended complaint liberally, we find no allegations which indicate that defendants voluntarily undertook a duty to protect prospective borrowers from flood hazards. The trial court correctly dismissed count II of plaintiffs' amended complaint for failure to state a cause of action upon which relief could be granted.

■■ We lastly address count III of plaintiffs' complaint, in which plaintiffs allege a violation of section 2 of the Consumer Fraud Act. Section 2 provides:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." (Ill. Rev. Stat. 1985, ch. 121½, par. 262.)

Plaintiffs allege that the failure of each defendant to notify plaintiffs "(a) that the property providing security for the loan was located in an area identified by the Secretary as having special flood hazards and (b) that flood insurance was available, constituted unfair or deceptive practices under the Consumer Fraud Act, and plaintiffs were injured thereby."

Here, plaintiffs are once again utilizing the provisions of the Flood Act, a Federal statute, as the basis for defendants' alleged violation of

the Consumer Fraud Act. Therefore, in order to determine whether defendants' alleged noncompliance with the Flood Act's requirements states a cause of action under the Consumer Fraud Act, we must consider the standard utilized by the Federal Trade Commission and decide whether defendants' alleged activity is violative of similar Federal law. (See *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 484, 461 N.E.2d 78, 81.) Specifically, whether the practice (1) offends public policy as established by statutes, the common law or otherwise, or is within a penumbra of some common law, statutory or other established concept of unfairness, (2) is immoral, unethical, oppressive or unscrupulous and (3) causes substantial injury to consumers or competitors. (15 U.S.C. sec. 45 (1982); *People ex rel. Fahner v. Walsh* (1984), 122 Ill. App. 3d 481, 484, 461 N.E.2d 78, 81.) While we believe that the Consumer Fraud Act may be applied to mortgage-lenders, we do not believe that count III of plaintiffs' amended complaint states a cause of action upon which relief may be granted.

Initially, defendants' alleged omissions offend neither a public policy as established by statute nor a common law in Illinois. To the contrary, we have determined that the Flood Act does not provide for a private cause of action, and likewise does not create a standard of conduct which, if breached, would give rise to an action for common law negligent misrepresentation. Both the legislative history and the plain language of the Flood Act militate against a conclusion that a violation of the Act's requirements provides a basis for a cause of action under the Consumer Fraud Act. Moreover, count III of plaintiffs' complaint is devoid of any allegations that defendants' alleged failure to inform was immoral, unethical, oppressive or unscrupulous. Additionally, while the Flood Act requires borrowers to insure only the amount of the outstanding mortgage balance to protect against defaults on loans due to flooding, defendants are the entities substantially harmed by a failure to inform of flood hazards. Finally, a failure to inform is a violation of the Consumer Fraud Act only if it is demonstrated that a defendant acts with the "intent that others rely upon the concealment, suppression, or omission of [a] material fact." (Ill. Rev. Stat. 1985, ch. 121½, par. 262.) Count III of plaintiffs' complaint contains no such allegation. Therefore, count III of plaintiffs' amended complaint is fatally deficient and the trial court properly dismissed this count with prejudice.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE and FREEMAN, JJ., concur.