#27130-aff in pt, rev in pt & rem-JMK
**2015 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

WELLS FARGO BANK, N.A.,                           Plaintiff,


        v.

MATTHEW R. FONDER,
CARALYNN C. FONDER,
and any person in possession,                      Defendants, Third-Party
                                                Plaintiffs and Appellants,


        v.

WELLS FARGO INSURANCE, INC.
FLOOD SERVICES,                                    Third-Party Defendant and
                                                Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
STANLEY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN L. BROWN
Judge

* * * *

PATRICK J. GLOVER of
Meierhenry Sargent LLP
Sioux Falls, South Dakota                          Attorneys for defendants, third-
                                                party plaintiffs and appellants.


LAUREN P. MCKENNA of
Fox Rothschild LLP
Philadelphia, Pennsylvania
     and
MARGO D. NORTHRUP of
Riter, Rogers, Wattier & Northrup, LLP
Pierre, South Dakota                               Attorneys for third-party
                                                defendant and appellee.

* * * *

                                                ARGUED JANUARY 14, 2015
                                                OPINION FILED **07/29/15**

#27130

KERN, Justice

[¶1.] Matthew and Caralynn Fonder appeal the circuit court's dismissal of their third-party claim against Wells Fargo Insurance, Inc. Flood Services (WFFS). The circuit court dismissed the claim pursuant to SDCL 15-6-12(b)(5) for failure to state a claim upon which relief can be granted. We affirm in part, reverse in part, and remand.

*Facts and Procedural History*

[¶2.] On May 12, 2011, the Fonders purchased a home north of Fort Pierre in Stanley County, South Dakota, situated near the Missouri River. The Fonders obtained a mortgage from Wells Fargo Bank, N.A. (the Bank). Prior to financing and in accordance with the National Flood Insurance Act (NFIA), the Bank selected WFFS to conduct a flood hazard determination on the Fonders' home at the Fonders' expense. WFFS determined the home was not in a Special Flood Hazard Area (SFHA).[1] Because of WFFS's determination, the Bank did not require the Fonders to obtain flood insurance, the Fonders did not purchase flood insurance, and the Bank did not obtain flood insurance at the Fonders' expense.

[¶3.] On or about June 1, 2011, only a few weeks after the Fonders moved into their home, the Missouri River flooded, forcing the Fonders to evacuate. Over the next several months, the home's main level filled with three to five feet of

---

1. The flood determination contained a provision with the following language:

> This flood determination is provided solely for the use and benefit of [the Bank] in order to comply with the 1994 Reform Act and may not be used or relied upon by any other entity or individual for any purpose, including, but not limited to deciding whether to purchase a property or determining the value of a property.

standing water, rendering the home uninhabitable. The flood destroyed the Fonders' home. The Fonders' insurance company retained Factual Data Flood to conduct a flood determination on the Fonders' property on July 8, 2011. Factual Data Flood determined that the home was in fact located in a SFHA. The Fonders also had the Federal Emergency Management Agency (FEMA) perform a flood determination, and FEMA also determined the Fonders' home was in a SFHA.

[¶4.] On February 3, 2012, the Bank filed a complaint to foreclose on the Fonders' home. Through that foreclosure action and by stipulation of the parties, the Fonders initiated suit against WFFS on May 20, 2013, seeking to recover damages sustained as a result of their reliance on WFFS's erroneous flood determination. The Fonders asserted claims of negligence, breach of fiduciary duty, and negligent infliction of emotional distress. WFFS answered and moved the circuit court to dismiss the cross-claim pursuant to SDCL 15-6-12(b)(5) for failure to state a claim upon which relief can be granted. On October 30, 2013, the Fonders moved the court to amend their third-party complaint to assert a claim of negligent misrepresentation. The circuit court held a hearing on the motions on December 11, 2013. The court granted WFFS's motion to dismiss, relying on *Highmark Federal Credit Union v. Hunter*, 2012 S.D. 37, 814 N.W.2d 413. The court also dismissed the Fonders' motion to amend their cross-claim because it determined WFFS did not owe the Fonders a duty. The Fonders appeal.

[¶5.] The Fonders raise two issues in this appeal:

> 1. Whether the circuit court erred in dismissing the Fonders' claim pursuant to SDCL 15-6-12(b)(5).

> 2. Whether the circuit court erred in denying the Fonders'
> motion to amend their third-party complaint.

*Standard of Review*

[¶6.] A motion to dismiss for failure to state a claim pursuant to SDCL 15-6-12(b)(5) tests the legal sufficiency of the pleading. *Sisney v. Best Inc.*, 2008 S.D. 70, ¶ 8, 754 N.W.2d 804, 809. We "accept the [pleading's] material allegations as true and construe them in a light most favorable to the pleader to determine whether the allegations allow relief." *Id.* "Because that determination tests the legal sufficiency of the pleading, we review the matter de novo." *Id.*

*Decision*

[¶7.] *1. Whether the circuit court erred in dismissing the Fonders' claim pursuant to SDCL 15-6-12(b)(5).*

**Highmark Federal Credit Union v. Hunter**

[¶8.] The circuit court dismissed the Fonders' claims based on the belief that our ruling in *Highmark* precluded the claim.[2] In *Highmark*, Hunter (the homeowner and mortgagor) sued Highmark (the bank and mortgagee) on a theory of negligence when Highmark allegedly failed to inform Hunter that she needed to

---

2. The court explained:

> It does appear to me that the *Highmark* case is controlling in this instance on the issue of duty. It's clear that our court has determined that Plaintiffs, as in this case, are not members of the class intended to be protected by the federal act. That was primarily instituted for the purpose of protecting lending institutions and, by extension, the federal treasury. And the federal act itself does not create, either explicitly or implicitly, a private right of action. . . . And to the extent that our court has found that liability cannot lie as a state cause of action under *Highmark* to the lending institution, I can't extend that further out to the flood zone determination provider.

purchase flood insurance. 2012 S.D. 37, ¶ 4, 814 N.W.2d at 414-15. Hunter signed a document entitled "Standard Flood Hazard Determination" that stated Hunter's home was in a SFHA and that "flood insurance must be maintained for the term of the loan." *Id.* ¶ 2, 814 N.W.2d at 414. Hunter, however, elected not to purchase flood insurance. *Id.* Hunter also alleged that Highmark was negligent when it failed to purchase flood insurance for her and add the premium to her mortgage payment pursuant to 42 U.S.C. § 4012a(e) of the NFIA.[3] *Id.* ¶¶ 4, 8, 814 N.W.2d at 415. Hunter's home was later damaged in a flood. *Id.* ¶ 1, 814 N.W.2d at 414. Hunter argued Highmark's alleged failures constitute negligence as a matter of law. *Id.* ¶ 4, 814 N.W.2d at 415. The circuit court granted summary judgment for Highmark, and we affirmed. *Id.* ¶ 20, 814 N.W.2d at 418.

[¶9.]        Because Hunter asserted a negligence claim, we first sought to determine whether the NFIA imposed a standard of conduct (i.e., a duty) on the lender. *See id.* ¶¶ 9-13, 814 N.W.2d at 415-16. We acknowledged that it was a matter of state law to determine whether the NFIA gave rise to a duty in a state-based, common-law negligence claim. *Id.* ¶ 11, 814 N.W.2d at 416 (citing *Hofbauer v. Nw. Nat'l Bank of Rochester*, 700 F.2d 1197, 1201 (8th Cir. 1983)). We held that Congress enacted the NFIA "to protect *lenders* and the federal treasury[,]" not to create private causes of action for borrowers against lenders. *Id.* ¶ 15, 814 N.W.2d at 417 (emphasis added). We explained that the NFIA did not provide a private

---

3.    The federal statute requires lenders to notify the borrower that their home is in a SFHA, that flood insurance is required, and that if the borrower fails to obtain insurance, the lender must do so at the borrower's expense. 42 U.S.C. § 4012a(e) (2006).

right of action for an individual to enforce the NFIA's provisions. *Id.* ¶ 16. Therefore, "it follow[ed] that an individual cannot use the NFIA to establish a duty in an individual civil claim." *Id.* We finally pointed out that separation-of-powers and federalism concerns are implicated by creating a private cause of action under the NFIA. *Id.* ¶ 17, 814 N.W.2d at 418 ("The separation-of-powers doctrine and principles of federalism militate against the adoption of the federal statute as the standard of care in a state negligence action when no private cause of action, either explicit or implicit, exists in the federal statute." (quoting *R.B.J. Apartments, Inc. v. Gate City Sav. & Loan Ass'n*, 315 N.W.2d 284, 290 (N.D. 1982)).

[¶10.] The Fonders argue that *Highmark* is both factually and legally distinguishable from their case. They contend that this is a case of first impression for this Court. In *Highmark*, both Hunter and Highmark were notified that the home Hunter was purchasing was located in a SFHA. 2012 S.D. 37, ¶ 2, 814 N.W.2d at 414. The Fonders, however, were notified that the home they were purchasing was *not* located in a SFHA, and they relied on that determination. In *Highmark*, Hunter made a counterclaim against Highmark for negligence, Highmark being the lender in the transaction. *Id.* The Fonders have brought this action against WFFS, an independent, third-party, flood-determination company. The Fonders did not bring an action against the lender in their case because they admitted *Highmark* was controlling.

[¶11.] The Fonders also submit that the legal question before this Court is distinguishable. The question before this Court in *Highmark* was whether "Highmark was negligent in failing to warn [Hunter] to purchase flood insurance

and in failing to purchase the insurance at [Hunter's] expense." *Id.* ¶ 1. More specifically, the legal question was whether the lender owed a duty to the borrower under the NFIA to ensure that there was flood insurance on the property when Highmark was aware that the property was located in a SFHA. *See id.* The Fonders assert the legal question now before the Court is "whether a negligence action against an independent third-party flood-determination company can arise under South Dakota common law when it was reasonably foreseeable that the Fonders would rely on WFFS's flood determination when deciding whether or not to purchase flood insurance." We agree with the Fonders that the legal question before this Court is distinguishable from the one in *Highmark*.

[¶12.] Here, the Fonders pleaded a common-law, professional-negligence action. They did not assert that the flood-determination company owed them a duty under the NFIA, or that there was a breach of any duty under the NFIA. However, as the Fonders correctly point out, there is a split of authority on whether the NFIA precludes state, common-law-negligence causes of action.[4] We now analyze whether

---

4. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 251 (5th Cir. 2008) (holding that Louisiana state law would not allow a negligence cause of action against a flood-determination company); *Weise v. CoreLogic Flood Servs., Inc.*, No. 2:11-CV-5, 2012 WL 8134588, at *5 (E.D. Tenn. March 2, 2012) (dismissing plaintiff's cause of action based on the alleged negligence of the flood-determination company); *Callahan v. Countrywide Home Loans*, No. 3:06CV105/RV/MD, 2006 WL 2993178, at *1-2 (N.D. Fla. Oct. 20, 2006) (holding the NFIA precluded plaintiff's state-law cause of action against the flood-determination company); *Ford v. First Am. Flood Data Servs., Inc.*, No. 1:06CV00453, 2006 WL 2921432, at *9 (M.D.N.C. Oct. 11, 2006) (holding the NFIA does not permit private rights of action against flood-determination companies). *But see Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 518 (5th Cir. 2008) (holding that Mississippi law does not preclude a state-law, professional-negligence claim against the flood-determination
(continued . . .)

South Dakota law allows for independent, common-law-negligence claims against flood-determination companies.

### *Whether the Fonders can assert a claim based solely on South Dakota common law.*

[¶13.]     The first step in deciding whether the Fonders may assert a common-law negligence cause of action against WFFS is to determine whether the NFIA precludes such causes of action. *See Cruey v. First Am. Flood Data Servs., Inc.*, 174 F. Supp. 2d 525, 528 (E.D. Ky. 2001); *Klecan*, 951 N.E.2d at 1215. To ascertain whether the NFIA precludes common-law negligence causes of action and, simultaneously, immunizes WFFS from liability to borrowers, we look at the statutory intent. *See Klecan*, 951 N.E.2d at 1215. We begin by analyzing the plain language of the NFIA. *Id.* (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S. Ct. 2051, 2056, 64 L. Ed. 2d 766 (1980)). While the NFIA does prohibit liability for lenders as against borrowers, 42 U.S.C. § 4104b(d)-(e) (2006); *Highmark*, 2012 S.D. 37, ¶ 13, 814 N.W.2d at 416, nothing in the NFIA directly speaks to a flood determiner's liability to a borrower, *see* 42 U.S.C. § 4104b(d)-(e) (2006); *Klecan*, 951 N.E.2d at 1215. Counsel for WFFS

---

(. . . continued)

company); *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 162 (5th Cir. 1981) (remanding to a Mississippi state court to determine if the plaintiffs could assert a state-law cause of action) *Williams v. Standard Fire Ins. Co.*, 892 F. Supp. 2d 608, 615 (M.D. Pa. 2012) (holding that NFIA did not preclude homeowner's Pennsylvania state-law claims against an independent, third-party, flood-determination provider); *Klecan v. Countrywide Home Loans, Inc.*, 951 N.E.2d 1212, 1216-17 (Ill. App. Ct. 2011) (holding the trial court erred when it dismissed plaintiffs' negligence claim against the flood-determination company because the plaintiffs were foreseeable and the flood-determination company owed them a professional duty of care).

admitted this at oral argument but insisted that other courts around the country have held that borrowers cannot sue flood-determination companies because the NFIA impliedly prohibits such causes of action. *See Weise*, 2012 WL 8134588, at \*5; *Callahan*, 2006 WL 2993178, at \*1; *Cruey*, 174 F. Supp. 2d at 528. WFFS argues any common-law negligence claims are necessarily derivative of WFFS's duty to perform under the NFIA.

[¶14.] Here, the Fifth Circuit's analysis in *Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511 (5th Cir. 2008), is instructive. In *Paul*, a homeowner brought suit against a flood-determination company for an erroneous flood determination. *Id.* at 512. The flood-determination company in *Paul* first determined that the home was not in a SFHA, but it was later "learned that the home was actually located in" an SFHA. *Id. Paul* acknowledged that the NFIA "does not create an implied private right of action for borrowers when a determination is erroneously made that property is outside a flood zone." *Id.* at 513 (citing *Till*, 653 F.2d at 161). The Fifth Circuit stated, "[F]ederal statutory requirements [of the NFIA] do not create a standard of conduct, the breach of which would form the basis for a negligence *per se* suit against the lender." *Id.* at 514 (citing *Wentwood Woodside I, L.P. v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 321-23 (5th Cir. 2005)); *accord Highmark*, 2012 S.D. 37, ¶ 16, 814 N.W.2d at 417-18. Even with those precedents in place (i.e., lack of an express or implied cause of action under the NFIA and lack of a negligence *per se* cause of action), the Fifth Circuit stated, "This court previously recognized that the lack of a private cause of

action under the [NFIA] would not foreclose relief under state tort law. . . ." *Id.* (citing *Till*, 653 F.2d at 154).

[¶15.] In two other cases involving erroneous determinations by flood-determination companies, the courts likewise found the plaintiff/homeowner could pursue state-law remedies. *Williams*, 892 F. Supp. 2d at 615; *Klecan*, 951 N.E.2d at 1216. In *Klecan*, the court determined that "the [NFIA's plain language] does not extend . . . immunity to suits by borrowers against flood determiners." 951 N.E.2d at 1215. In *Williams*, the Pennsylvania court reasoned that "[i]naccurate flood zone determinations contribute to unfair negotiations during the procurement of mortgages and flood insurance[.]" 892 F. Supp. 2d at 612. "The legislative history [of the NFIA] suggests that Congress intended borrowers to 'avail themselves of legal remedies in state courts.'" *Id.* (quoting *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 735 (E.D.N.C. 2000)). The court further stated, "If Congress wished flood zone determination companies to be immune from civil suits resulting from inaccurate determinations, it could expressly state that in the [NFIA]." *Id.* at 612-13.

[¶16.] We stated in *Highmark*, "Based on congressional findings, courts have consistently held that in adopting the NFIA, Congress meant to protect *lenders and the federal treasury*." 2012 S.D. 37, ¶ 15, 814 N.W.2d at 417 (emphasis added). While Congress did not specifically intend to protect borrowers, Congress found that "a program of flood insurance can promote the public interest by providing appropriate protection against the perils of flood losses and encouraging sound land use by minimizing exposure of property to flood losses[.]" 42 U.S.C. § 4001(c)

(2006). Further, the NFIA is meant to "provide flexibility . . . so that such flood insurance may be based on workable methods of pooling risks, minimizing costs, and distributing burdens equitably *among those who will be protected by flood insurance and the general public.*" *Id.* at § 4001(d) (emphasis added). We fail to see how extending immunity to flood-determination companies for an allegedly erroneous flood determination furthers the public policy interests outlined by Congress in the NFIA. Indeed, other jurisdictions have held, "By enacting the [NFIA], Congress sought to alleviate the economic hardships caused by unforeseen flood disasters." *Powers v. United States*, 996 F.2d 1121, 1126 (11th Cir. 1993); *see also Pennsylvania ex rel. Sheppard v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 16 n.7 (3rd Cir. 1975) ("A second objective of the [NFIA] *other than to make flood insurance available to private individuals* was to encourage the restriction of the development of land exposed to flood hazards." (emphasis added)), *overruled on other grounds by Livera v. First Nat'l Bank of N.J.*, 879 F.2d 1186 (3d Cir. 1989); *Hidenfelter v. Dir., FEMA*, 603 F. Supp. 434, 437 (W.D. Mich. 1985) ("The [NFIA] was instituted . . . to provide low cost flood insurance to homeowners and small businesses that may suffer losses through damage to real and personal property from flooding."), *abrogated on other grounds by Bruinsma v. State Farm Fire and Cas. Co.*, 410 F. Supp. 628 (W.D. Mich. 2006); *Schell v. Nat'l Flood Insurers Ass'n*, 520 F. Supp. 150, 154 (D. Colo. 1981) ("[T]he [NFIA] is directed at compensation for, rather than prevention of, flood damages. . . .").

[¶17.] Thus, when we examine the principal purposes for which Congress enacted the NFIA—protecting lenders and the federal treasury, alleviating

economic hardships caused by floods, and making flood insurance available to private individuals—we cannot conclude Congress sought to immunize flood-determination companies from culpable negligence. We now determine whether each of the Fonders' claims, as pleaded, sufficiently state a cause of action under South Dakota common law.

### The Fonders' Professional-Negligence Claim

[¶18.] The Fonders filed a common-law, professional-negligence claim against WFFS. They did not assert that WFFS owed them a duty under the NFIA or that there was a breach of any duty under the NFIA. As a result, *Highmark* is not controlling. Further, as we indicated, the NFIA does not preclude actions against flood-determination companies. Because the circuit court erroneously dismissed this case without reaching its merits, we do not need to reach the issue of whether duty has been established. "South Dakota still adheres to the rules of notice pleading, and therefore, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 S.D. 89, ¶ 17, 756 N.W.2d 399, 409 (quoting SDCL 15-6-8(a)(1)). "[I]n South Dakota a cause of action exists for economic damage for professional negligence beyond the strictures of privity of contract." *Mid-W. Elec., Inc. v. DeWild Grant Reckert & Assocs. Co.*, 500 N.W.2d 250, 254 (S.D. 1993). While the existence of a duty usually depends on the relationship of the parties, we have also said that "[f]oreseeability may also create a duty." *See Braun v. New Hope Twp.*, 2002 S.D. 67, ¶ 9, 646 N.W.2d 737, 740; *Mid-W. Elec.*, 500 N.W.2d at 254. Further, "[p]ublic policy is a major consideration in identifying a legal duty." *Kirlin*

*v. Halverson*, 2008 S.D. 107, ¶ 52, 758 N.W.2d 436, 453 (quoting *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 421 (Minn. Ct. App. 1993)). The Fonders' complaint in this case was sufficient to proceed on the theory of professional negligence. We, therefore, reverse the circuit court's grant of WFFS's motion to dismiss for failure to state a claim with respect to the Fonders' professional-negligence claim and remand for further proceedings.

### *The Fonders' Breach-of-Fiduciary-Duty Claim*

[¶19.] The Fonders also assert that WFFS breached a fiduciary duty in providing an allegedly erroneous flood determination. Unlike professional negligence, breach of a fiduciary duty *requires* a fiduciary *relationship* between the parties and not merely a foreseeable injury. In *Chem-Age Industries, Inc. v. Glover*, we concluded there was no fiduciary relationship between a lawyer and a nonclient. 2002 S.D. 122, ¶¶ 39-40, 652 N.W.2d 756, 772-73. A similar rationale applies in this case. The Fonders cannot show that WFFS was acting as their fiduciary when it made the flood determination for the Bank because there was no fiduciary relationship. The Fonders' complaint reveals that they have not pleaded sufficient facts to support their breach-of-fiduciary-duty claim. Furthermore, they have not cited to any authority in support of their claim. Therefore, we affirm the circuit court's dismissal of this claim.

### *The Fonders' Negligent-Infliction-of-Emotional-Distress Claim*

[¶20.] The Fonders also pleaded negligent infliction of emotional distress. The circuit court held that WFFS owed the Fonders no duty and dismissed all of the Fonders' claims. The Fonders' complaint in this case was sufficient to proceed on

the theory of negligent infliction of emotional distress under South Dakota's common law. Therefore, we reverse the dismissal of this claim and remand for further proceedings before the circuit court.

[¶21.]     *2.     Whether the circuit court erred in denying the Fonders' motion to amend their third-party complaint.*

[¶22.]     Finally, we reverse the circuit court's denial of the Fonders' motion to amend their third-party complaint to include their claim of negligent misrepresentation. The Fonders alleged sufficient facts in their amended third-party complaint to survive a 12(b)(5) dismissal. The Fonders also cite authority for their position. The Fifth Circuit in *Paul* analyzed the potential claim of negligent misrepresentation and found that the plaintiffs could assert such a claim against a flood-determination company under similar facts. 550 F.3d at 514-19. SDCL 15-6-15(a) states in relevant part that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given[.]" On remand, the circuit court should permit the Fonders to amend their pleading to include a negligent misrepresentation claim.

## Conclusion

[¶23.]     The circuit court erred when it dismissed the Fonders' claims under *Highmark*. The Fonders have pleaded sufficient facts to survive dismissal of their common-law claims of professional negligence and negligent infliction of emotional distress. Likewise, upon remand they may amend their cross-claim to include negligent misrepresentation. However, we affirm the circuit court's dismissal of the Fonders' breach-of-fiduciary-duty claim. Therefore, we affirm in part, reverse in part, and remand for further proceedings consistent with this decision.

#27130

[¶24.]        GILBERTSON, Chief Justice, and SEVERSON and WILBUR, Justices, and KONENKAMP, Retired Justice, concur.

[¶25.]        KONENKAMP, Retired Justice, sitting for ZINTER, Justice, disqualified.

-14-